Jessie **MERRILL**, Plaintiff,

v.

**NORTHERN INSURANCE COMPANY OF NEW YORK**, Defendant.

No. CIV-89-2121-D.

United States District Court,
W.D. Oklahoma.

Aug. 7, 1990.

Gerald E. Durbin, II and David B. Donchin, Oklahoma City, Okl., for plaintiff.

Edwin F. Garrison, Oklahoma City, Okl., for defendant.

## ORDER GRANTING SUMMARY JUDGMENT

DAUGHERTY, Senior District Judge.

Before the Court is the Motion of Defendant Northern Insurance Company of New York ("Northern") for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on the grounds that there is no dispute as to any material fact and that the Defendant should be granted judgment as a matter of law. In his Response to the Defendant's Motion for Summary Judgment, Plaintiff Jessie Merrill originally contended that summary judgment was improper because there were disputed factual issues. At the hearing on the Motion held on August 2, 1990, the Defendant conceded that the only issue before this Court involves statutory interpretation, which is a question of law to be decided by this Court on a motion for summary judgment.

Jessie Merrill was involved in an automobile accident with David McNally while Merrill was an employee of Metheny Concrete Products, Inc./Materco, Inc. ("Materco"). Merrill was driving his employer's semitractor-trailer and was within the scope of his employment. Merrill suffered injuries and damages as a result of the collision. Mr. McNally's insurance company has paid its policy limit to the Plaintiff and waived any right of subrogation, but the amount paid has not fully compensated the Plaintiff for the injuries and damages he sustained. Thus, Merrill is now seeking uninsured/underinsured motorist coverage from Northern Insurance Company, the insurer of Materco, his employer. Defendant Northern claims that the tractor-trailer that was driven by Merrill was not covered under their insurance policy for uninsured motorist coverage either by purchase or by operation of law because the tractor-trailer driven by Mr. Merrill falls under the exemption in the Oklahoma statute requiring uninsured motorist coverage for insurance policy holders.

Oklahoma's uninsured motorist statute, 36 O.S. § 3636 provides that no automobile liability policy shall be issued in the state unless it includes uninsured motorist coverages. In the case at bar, uninsured motorist coverages were provided for private passenger vehicles owned by Materco, but no uninsured motorist coverages were purchased for the tractor-trailers or concrete trucks by company decision because their drivers were protected by workmen's compensation insurance. An affidavit of the president of Materco, which is not disputed, states that he made an informed decision to purchase uninsured motorist coverage only on his private passenger vehicles because employees driving tractor-trailers were and would be covered by workers' compensation.

Title 36, O.S., § 3637 provides a specific exemption to the uninsured motorist statute. That section provides that § 3636

"shall not apply to any policy covering motor trucks operated by a motor carrier as defined in 47 O.S. § 161, as amended, where the insured has employees who operate motor trucks and such employees are covered by workers' compensation." Thus, both parties in this case concede that if Materco meets the provisions of this statutory exemption, to include that the Plaintiff herein is covered by workers' compensation, then Oklahoma's uninsured motorist statute does not apply in this case.

The term "motor carrier" is defined in 47 O.S. § 161(F) as including "both a common carrier by motor vehicle and a contract carrier by motor vehicle, operating upon any public highway for the transportation of passengers or property for compensation or for hire or for commercial purposes, and not operating exclusively within the limits of an incorporated city or town within this state."

At the August 2nd hearing, the Plaintiff argued that Materco should not be considered a motor carrier because it does some of its own hauling as well as hauling for others for compensation or for commercial purposes. The Plaintiff relied on the case of *Dolese Bros. Co. v. Privett*, 622 P.2d 1080 (Okla.1981) in support of his position. In the *Dolese* case, the Oklahoma Supreme Court reversed a Corporation Commission ruling that Dolese was a motor carrier because the Court found that Dolese acquired a fleet of trucks *only* to transport its own crushed rock, and that such transportation was incidental to and in furtherance of Dolese's crushed rock enterprise. The Court ruled that the limited nature of Dolese's activities made it a private carrier.

As has been stated, the facts in the case at bar stand undisputed, and thus the affidavit of Rick Metheny, president of Materco, establishes that: (1) the Plaintiff was an employee of Materco, Inc., driving one of its motor trucks at the time of the accident, and was covered by workers' compensation; (2) Materco, Inc. is licensed by the Corporation Commission as a motor carrier with permits to operate as both a common carrier and a contract carrier; (3) Materco is operating upon the public highways within the State of Oklahoma; (4) Materco transports the property of other persons or corporations for compensation or for hire; (5) Materco does not operate exclusively within the limits of an incorporated city or town within the State of Oklahoma; and (6) that Materco undertakes such activities with the intent and purpose of making a profit. The Plaintiff, while acknowledging the truth of the statements in the Metheny affidavit, asserts that because Materco also transports its own property in furtherance of its own business enterprise as in *Dolese*, Materco can be considered a private carrier as well as a motor carrier, and thus the exemption should not apply.

This Court is unwilling to accept the Plaintiff's interpretation of the statutes involved. Just because the Plaintiff may carry property for itself in furtherance of its own business enterprise, as did Dolese, if the Plaintiff also hauls property for hire, and it is undisputed in this case that the Plaintiff did exactly that, then the company could not be considered a private carrier.

The Plaintiff's case is further weakened by the fact that the Corporation Commission has issued a permit to Materco allowing them to operate as both a common carrier and a contract carrier. Dolese, by contrast, had no such certificate. Title 47, O.S., § 161(I) specifically excludes a common carrier by motor vehicle or a contract carrier by motor vehicle from the definition of a "private carrier".

As a result, this Court finds as a matter of law that Materco is exempted from the operation of the uninsured motorist statute with reference to Plaintiff's claim herein, and Defendant Northern Insurance Company of New York's Motion for Summary Judgment should be granted and Plaintiff's Complaint dismissed.

IT IS SO ORDERED.